
EOD
07/17/2008

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

IN RE: §
§
CHERYL A. MCCASLAND, § Case No. 07-42530
§ (Chapter 13)
Debtor. §

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO ABATE

This matter is before the Court on the "Motion to Abate Order Denying Confirmation of Chapter 13 Plan & Setting 30-Day Dismissal Deadline for Filing New Chapter 13 Plan and Setting Final Dismissal Hearing Pertaining to Plan Confirmation" (the "Motion") filed by Cheryl A. McCasland (the "Debtor") on July 10, 2008. The Court heard the Motion on July 16, 2008. At the conclusion of the hearing, the Court denied the Motion based on the following findings of fact and conclusions of law.

### RELEVANT BACKGROUND

The Debtor initiated this case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code. On June 13, 2008, the Court entered an "Order Denying Confirmation of Chapter 13 Plan and Setting 30-Day Dismissal Deadline" (the "Order Denying Confirmation") whereby the Court denied confirmation of the Debtor's proposed reorganization plan and allowed the Debtor thirty days to file a new plan. The Debtor has filed a Notice of Appeal from the Order Denying Confirmation. In the Motion, the Debtor essentially requests a stay pending appeal.

### DISCUSSION

Under Federal Rule of Bankruptcy Procedure 8005, a discretionary stay pending appeal is governed by the same standards applicable to the issuance of a preliminary

1

injunction.  When considering whether to grant a stay pending appeal, the Court must consider the following: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will suffer irreparable injury absent a stay; (3) whether a stay would substantially harm other parties to the litigation; and (4) whether a stay is in the public interest.  *See, e.g., In re First South Savings Association*, 820 F.2d 700, 709 (5th Cir. 1987).  The moving party has the burden of proof.  *See, e.g., Campbell Soup Co. v. ConAgra, Inc.,* 977 F.2d 86, 90-91 (3d Cir. 1992); *In re Wire Rope Corp. of America, Inc.,* 302 B.R. 646, 648 (Bankr. W.D. Mo. 2003)**.**

In considering the foregoing factors, the Court notes that the Chapter 13 trustee has filed a motion seeking to dismiss the Debtor's appeal, arguing that the Order Denying Confirmation is an interlocutory order.  The Fifth Circuit has frequently addressed the merits of appeals from the denial of confirmation of Chapter 13 plans.  *See, e.g., Williams v. Tower Loan of Mississippi, Inc.* (*In re Williams*), 168 F.3d 845 (5th Cir. 1999); *Nobleman v. American Savings Bank* (*In re Nobleman* ), 968 F.2d 483 (1992), *aff'd, Nobelman v. American Savings Bank,* 508 U.S. 324 (1993).  In the case of a denial of confirmation of a plan, if the order was not intended to be final – for example, if the order addressed an issue that left the debtor able to file an amended plan – appellate jurisdiction would be lacking.  *See Orr,* 180 F.3d at 659; *In re Bartee*, 212 F.3d 277, 283 (5th Cir. 2000).  Inasmuch as the Order Denying Confirmation in this case provided the Debtor with an opportunity to file an amended plan, the Order Denying Confirmation may indeed be determined to be interlocutory.

The Debtor will not be harmed by the failure to stay this case pending appeal.  The Order Denying Confirmation allows the Debtor to file an amended plan that

2

addresses the contingencies associated with the Notice of Appeal – thereby preserving the appellate issues – while moving the bankruptcy case along. On the other hand, the Debtor's creditors would be harmed by the issuance of a stay because no distributions or payments would be made during the appeal, and the Debtor could dispose of her income during the appeal as well.

For the foregoing reasons,

**IT IS ORDERED** that the Motion is **DENIED**.

**IT IS FURTHER ORDERED** that the Debtor shall file a new plan within thirty (30) days of the Date of this Order.

**IT IS FURTHER ORDERED** that, in the event the Debtor fails to file a new Chapter 13 Plan within thirty (30) days of the date of this Order, absent a further order of the Court extending such deadline for cause shown, or in the event the Debtor thereafter fails to confirm such new Chapter 13 Plan upon consideration by the Court under its normal procedures, this Chapter 13 case shall be dismissed, pursuant to §349(a) of the Bankruptcy Code, without further notice or hearing and *with prejudice* to the rights of the Debtor to file a subsequent petition under any of the provisions of Title 11, United States Bankruptcy Code, for a period of one hundred twenty (120) days from the entry of the order of dismissal, and the Chapter 13 Trustee shall be authorized, following the payment of any allowed administrative expenses, to remit any sums remaining in her possession to the Debtor.

Signed on 7/17/2008

*Brenda T. Rhoades* MD
HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE