IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CHERYL A. McCASLAND, | § | |
|    *Appellant*, | § | Civil Action No. 4:08-CV-290 |
| | § | |
| v. | § | |
| | § | JUDGE RON CLARK |
| JANNA L. COUNTRYMAN, | § | |
| | § | |
|    *Appellee*. | § | |

**<u>ORDER GRANTING MOTION TO DISMISS McCASLAND'S APPEAL</u>**

  Countryman, Chapter 13 Trustee, moves to dismiss Debtor McCasland's appeal of a bankruptcy court order denying confirmation. [Doc. #6]. Because the bankruptcy court did not deny all relief, only confirmation of a single plan, a final reviewable decision does not exist. Thus, Countryman's motion should be granted.

**Background**

  McCasland contends that the bankruptcy court heard and ruled on a substantive issue of law, i.e. whether the $10,000 lawsuit settlement should be included in the bankruptcy plan. McCasland filed an appeal raising two issues. First, whether the bankruptcy judge erred when she ruled that an exempt asset must be turned over to the Chapter 13 Trustee because it represented "projected disposable income." Second, whether the bankruptcy judged erred when she ruled that the debtor did not have reasonable and necessary expenses and thus had to turn over the $10,000 lawsuit settlement. [Doc. #2]. Prior to the filing of the appeal, the bankruptcy court entered an Order Denying Confirmation of McCasland's Chapter 13 Plan. The bankruptcy court allowed McCasland to file an amended plan.

**Legal**

Jurisdiction over bankruptcy cases arises from 28 U.S.C. § 158(d) which provides that "courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees" of bankruptcy judges. 28 U.S.C. § 158(d)(1). The Fifth Circuit has long rejected the rigid rule that a bankruptcy case can only "be appealed as a 'single judicial unit' at the end of the entire bankruptcy proceeding." *In re Orr*, 180 F.3d 656, 659 (5th Cir.1999) (*citing Texas Extrusion Corp. v. Lockheed Corp.*, 844 F.2d 1142, 1155 (5th Cir.1988)). Rather, a bankruptcy order may be reviewed if it is either a "final determination of the rights of the parties to secure the relief they seek," or a final disposition "of a discrete dispute within the larger bankruptcy case for the order to be considered final." *In re Bartee*, 212 F.3d 277, 282 (5th Cir. 2000) (internal citations omitted).

When the bankruptcy court denies confirmation of a plan, the appellate court should look to whether the order was intended to serve as a final denial of the relief sought by the debtor. If the debtor is able to file an amended plan, a final denial of relief has not occurred and appellate jurisdiction is lacking to appeal the denial of confirmation. *In re Bartee*, 212 F.3d at 283 (5th Cir. 2000). However, the bankruptcy court's denial of a debtor's exemption claim is a reviewable final order. *In re Orso*, 283 F.3d 686, 690 (5th Cir. 2002).

**Discussion**

Countryman argues that the Bankruptcy Court allowed McCasland to file an amended plan, so the order was not intended to be a final denial of relief to McCasland. McCasland may not appeal the denial of the bankruptcy plan as she had the opportunity to file an amended plan. *In re: Bartee*, 212 F.3d 277, 283 (5th Cir. 2000) ("If the order was not intended to be final-for example, if the order addressed an issue that left the debtor able to file an amended plan

(basically to try again)-appellate jurisdiction would be lacking."). Although the denial of an exemption claim is a final order that can be reviewed, in this case, McCasland does not assert that the dispute is about the exempt status of the asset. Rather, McCasland merely asserts that the asset is an exempt asset, and the judge required it to be turned over, as "projected disposable income," to the Chapter 13 Trustee. McCasland also asserts that the judge ruled that McCasland did not have reasonable and necessary expenses to keep the $10,000 lawsuit settlement. Neither of these directly deals with whether the asset is exempt. The bankruptcy court is attempting to create an acceptable plan for McCasland to repay her debts. Thus, a final denial of relief has not occurred.

IT IS THEREFORE ORDERED that Countryman's Motion to Dismiss [Doc. #6] is **GRANTED**.

So **ORDERED** and **SIGNED** this **8**  day of **September, 2008.**

_____
Ron Clark, United States District Judge